DMP:AMC
F. #2017R00427

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR - 1 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KISHORE JATTAN,

                Defendant.

- - - - - - - - - - - - - - - - X

INDICTMENT

CR 17 00110

(T. 42, U.S.C, § 408(a)(8); T. 18, U.S.C.,
§§ 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A),
1028A(a)(1), 1028A(b), 1028A(c)(11), 2 and
3551 et seq.)

VITALIANO, J.

LEVY, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.  The defendant KISHORE JATTAN was a resident of Queens, New York, and worked as a messenger transporting mail, including, the personal identifying information of individuals, to, from, and in between the offices of a university located in New York City ("the University") and elsewhere within the Eastern District of New York, from on or about September 6, 2011, through on or about December 20, 2012.

2.  Personal Identifying Information ("PII") was information that either alone or in combination with other information could be used to uniquely identify, contact, or locate a person. PII included, but was not limited to, names, addresses, Social Security numbers, and dates of birth.

3. By virtue of his work as a messenger, the defendant KISHORE JATTAN had access to records that contained PII, which were maintained and kept within the normal course of business by the University. Between September 2011 and December 2012, JATTAN acquired University records that contained the PII of at least six individuals, and copied those records which included names, Social Security numbers and dates of birth. JATTAN then sold the names, Social Security numbers and dates of birth, to Co-conspirator A, an individual whose identity is known to the Grand Jury, in exchange for compensation.

## COUNT ONE
(Misuse of a Social Security Number)

4. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5. On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally disclose and use the Social Security number of John Doe #1, an individual whose identity is known to the Grand Jury, in the course of knowingly and with intent to defraud using one or more unauthorized access devices, to wit: John Doe #1's Social Security number, during a one-year period and by such conduct, obtaining things of value aggregating $1,000 or more, in violation of Title 18, United States Code, Section 1029(a)(2).

(Title 42, United States Code, Section 408(a)(8); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Misuse of a Social Security Number)

6. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

7.  On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally disclose and use the Social Security number of John Doe #2, an individual whose identity is known to the Grand Jury, in the course of knowingly and with intent to defraud using one or more unauthorized access devices, to wit: John Doe #2's Social Security number, during a one-year period and by such conduct, obtaining things of value aggregating $1,000 or more, in violation of Title 18, United States Code, Section 1029(a)(2).

(Title 42, United States Code, Section 408(a)(8); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Misuse of a Social Security Number)

8.  The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

9.  On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally disclose and use the Social Security number of Jane Doe #3, an individual whose identity is known to the Grand Jury, in the course of knowingly and with intent to defraud using one or more unauthorized access devices, to wit: Jane Doe #3's Social Security number, during a one-year period and by such conduct, obtaining things of value aggregating $1,000 or more, in violation of Title 18, United States Code, Section 1029(a)(2).

(Title 42, United States Code, Section 408(a)(8); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Fraud and Related Activity in Connection with Means of Identification)

10. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

11. On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority, a means of identification of another person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted a violation of Federal law, to wit: Title 42, United States Code, Section 408(a)(8), in and affecting interstate and foreign commerce and, as a result of the offense, obtain things of value aggregating $1,000 or more during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT FIVE
(Fraud and Related Activity in Connection with Means of Identification)

12. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

13. On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority, a means of identification of another person, to wit: John Doe #5, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted a violation of Federal law, to wit: Title 42, United States Code, Section 408(a)(8), in

and affecting interstate and foreign commerce and, as a result of the offense, obtain things of value aggregating $1,000 or more during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT SIX
(Fraud and Related Activity in Connection with Means of Identification)

14. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

15. On or about June 25, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority, a means of identification of another person, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted a violation of Federal law, to wit: Title 42, United States Code, Section 408(a)(8), in and affecting interstate and foreign commerce and, as a result of the offense, obtain things of value aggregating $1,000 or more during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT SEVEN
(Aggravated Identity Theft)

16. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

17. On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, during and in relation to the

crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: John Doe #1, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(11), 2 and 3551 et seq.)

## COUNT EIGHT
(Aggravated Identity Theft)

17. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

19. On or about April 26, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, during and in relation to the crime charged in Count Two, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: John Doe #2, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(11), 2 and 3551 et seq.)

## COUNT NINE
(Aggravated Identity Theft)

20. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

21. On or about June 4, 2012, within the Eastern District of New York and elsewhere, the defendant KISHORE JATTAN, together with others, during and in relation to the crime charged in Count Three, did knowingly and intentionally transfer, possess and use, without

lawful authority, one or more means of identification of another person, to wit: Jane Doe #3, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(11), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

__EASTERN_____   District of __NEW YORK_____

_____CRIMINAL_____ Division

## THE UNITED STATES OF AMERICA

vs.

Kishore Jattan

Defendant.

## INDICTMENT

T. 42, USC § 408(a)(8); T. 18, USC §§ 1028(a)(7), 1028(b)(1)(b), 1029(a)(2), 2 1028(c)(3)(A), 1028A(a)(1), 1028A(c)(11) ~~1028~~ 1028A(b) 3551 et seq.

A true bill. _[signature]_

Foreman

Filed in open court this _____ day.

of _____ A.D. 19 _____

Clerk

Bail, $ _____